ISAACSON, Appellant, v. PARKER et al, Respondents.
(2 Cases)

ALATALO, Appellant, v. PARKER et al, Respondents.
(2 Cases)

(178 N. W. 139)

(File Nos. 4591, 4596, 4592, 4593.   Opinion filed June 5, 1920 )

1.    Schools—School District—Non-de Facto District, Acquiescence in Formation Of, Estoppel Re—Quo Warranto Complaint Negativing Acquiescence, Good Faith, Effect.

On rehearing, respondents urge, and cite decisions which they contend support their position, i. e. that parties who sit idly by and acquiesce in formation of a public corporation are estopped from questioning validity of its organization, even though not at the beginning a de facto corporation, which contention is untenable; this action having been brought before money was expended by the alleged corporation and before bonds were issued; moreover, the complaint negatives acquiescence, and

negatives good faith of the attempted organization, and the authorities cited are not applicable.

2.  **Schools—School Districts—Non de Facto Organization—Recovery of Taxes Paid, Annulling Organization, Complaint, Sufficiency of Re Injunction.**

Where, in proceedings by taxpayers and a school director and patron under Laws 1915, Ch. 289 (Sec. 6826 Rev. Code 1919,) to recover taxes levied by an alleged consolidated school district, and paid under protest and to annul, through quo warranto, a purported consolidated district, and to enjoin further levy and collection of taxes, the complaint alleges facts which show invalidity of the proceedings, and that the purpose of the consolidation was fraudulent, etc., and for the purpose of shifting of the burden of taxes from the independent district to rural districts, held, that the allegations set forth show sufficient facts and prayer for relief to constitute a complaint for injunctive relief.

3.  **Same—Consolidating Independent and Rural Districts—Bettering Rural School Conditions as Purpose, Benefit to Rural Pupils Irrelevant—Resulting Policy of Abandonment of Rural Schools on Consolidation—Former Decision Adhered To—Non-application of Consolidation Law to Independent Districts.**

On rehearing, former opinion (43 S. D. 562, 176 N. W. 653) adhered to, sustaining sufficiency of complaint to entitle plaintiffs to the relief sought re re-payment of taxes and annulment of consolidated district; the fundamental thought underlying Laws 1913, Ch. 194, being the "purpose of promoting better condition in rural schools," hence, question whether or not the inclusion of an independent district in a consolidated district would benefit rural pupils is irrelevant; it being demonstrable from history of other consolidations that when an independent district is part of a consolidated district the schools in the former are abandoned and the consolidated school established in the city; therefore said consolidation law is inapplicable to independent school districts.

Whiting, J., dissenting.

On rehearing.   Former decision adhered to.

*Eugene F. Campbell,* and *Loucks, Hasche & Foley,* for Appellants.

*M. J. Russell, F. J. Benthin, McFarland & Kremer,* and *Hanten & Hanten,* for Respondent.

*Byron S. Payne,* Attorney General, Amicus Curiae.

(1)  To point one of the opinion, Appellant cited: Wickre et al. v. In. Twp. et al, 31 S. D. 23.

Respondent cited: St. Paul Gas Company v. Sandstone, 73 Minn. 225, 75 N. W. 1050; School District 50 v. State, 29 Kan. 57; Coler v. Rhoda School Twp., 6 S. D. 640, 63 N. W. 158.

The Attorney General, Amicus Curaie, cited: Continental Trust Company v. Toledo, etc., 82 Red. 842.

(2) To point three, Respondents cited: Laws 1915, ch. 289, sec. 1.

(3) To point three, Appellant cited: People et al, v. Stewart (Ill.) 118 N. E. 55; State ex rel Balch v. Fry, et al, (Mo.) 85 S. W. 328.

GATES, J. [1] The respondents petitioned for a rehearing. The former opinion of this court is found in 176 N. W. 653. The Attorney General, representing the educational department of the state, filed a petition as amicus curiae. In view of the fact that the decision of this court was adverse to the construction placed by the educational department upon the consolidated school law, we granted a rehearing. Able counsel argued the questions before the court. Elaborate briefs were filed by the parties and by the Attorney General. The principal ground urged by respondents, aside from the claims that this court erred in its interpretation of section 1, c. 194, Laws of 1913, is that the we erred in asserting that the consolidated district was not only not a de jure district, but was not a de facto district, and therefore that we erred in holding that the plaintiff could attack the organization without obtaining the refused permission of the state's attorney and the Attorney General. In support of this ground cases are cited by respondents which tend to establish a rule that parties that sit idly by and acquiesce in the formation of a corporation may be estopped from questioning the validity of the organization even though it was not at the beginning a de facto corporation. But such is not this case. This action was brought before money was expended, before a contract for a school building was let, and before bonds were issued. The recitals in the complaint also negative acquiescence by appellants and negative the good faith of the attempted organization. How can such authorities be applicable to the present situation? Among the cases cited are the following: Tulare Irr. Dist. v. Shepard, 185 U. S. 1, 22 Sup. Ct. 531, 46 L. Ed. 773; Coler v. Rhoda Sch. Tp., 6 S. D. 640, 63

N. W. 158; Schweigert v. Abbott, 122 Minn. 343, 142 N. W. 723, the soundness of which decisions we do not challenge.

[2]     Respondents admit that appellants would have had a standing in court if the action had been brought for an injunction. In addition to the relief asked for the recovery of taxes paid, under the provisions of chapter 289, Laws of 1915 (section 6826, Rev. Code 1919), the allegations of the complaint set forth sufficient facts and prayer for relief to constitute the complaint one for injunctive relief. Let it also be borne in mind that the statements contained in the former opinion are to be applied to the facts of these cases as alleged in the amended complaints and as admitted by the demurrers thereto.

[3]     After giving much thought and careful consideration to this case and to its probable consequences, we are still of the opinion that the allegations of the complaint entitle appellants to the relief sought. We are still of the opinion that the reason and fundamental thought underlying the passage of the act of 1913 was the "purpose of promoting a better condition in rural schools." Such being the issue, the question whether or not the inclusion of an independent district in a consolidated district would be a benefit to the pupils of the rural territory is entirely irrelevant. It is a demonstrable fact from the record in this case and from the history of other consolidated districts that when an independent school district is a part of a consolidated district the schools in the former rural districts are abandoned, and the consolidated school is established in the city. While, as stated in our former opinion, this may furnish better schooling for the pupils, yet the avowed purpose of the act was not to furnish better schooling for the pupils, but it was to promote a better condition in the rural schools. Therefore it is clearly apparent (not a matter of conjecture or opinion) that the application of the act to independent school districts would not be consistent with such avowed purpose, but would frustrate the same. The conclusion therefore is inevitable that the Legislature did not intend that act to apply to independent school districts.

The former opinion is adhered to. The orders appealed from are reversed, and the causes remanded for further proceedings in harmony with that opinion and this.

WHITING, J. (dissenting.) In our former opinion herein

we based our decision upon the construction which we gave to the phrase "districts of any kind" as used in section 1, chapter 194, Laws 1913. We reached the conclusion that such phrase was not intended to include "independent" districts. I am convinced that, in reaching such conclusion, we were influenced too much by our views as to the wisdom of some of the provisions of the law. Certainly an "independent" district is one "kind" of a district, and is one of the kinds of districts that go to make up the common or public school system of the state. Where a statute is of uncertain meaning, courts have a right to consider everything that may help them to reach a determination of legislative intent, yet they should be careful that they do not unconsciously determine what, to their minds, the Legislature ought to have done rather than what it did do. Thus it may be both unjust and unwise to place it within the power of a congested center of population to overrule the wishes of a majority of the electors of an outlying territory, yet no one would question the legislative power in this matter. We may be of the opinion that to include "independent" districts in "consolidated" districts may not have the effect of "promoting a better condition in rural schools"; but that is a matter of opinion only, and the Legislature, wisely or unwisely, may have thought different. Unless we are able to demonstrate to a certainty that a "consolidated" district so organized would not be a benefit to the pupils from the rural territory we have no right to conclude that the legislators looked at this matter as we do, and therefore could not have intended to include "independent" districts within the phrase "districts of any kind." Personally, I believe the legislators might well be of the view that such union of districts would benefit the pupils from the rural territory.

I am therefore of the view that we were not justified in holding that the Legislature did not intend to include "independent" districts among those that could be included in "consolidated" districts.