NELSON et al., Plaintiff, v. LEMBCKE et al., Defendants.

(178 N. W. 981.)

(File No. 4742.    Opinion filed July 27, 1920.    Rehearing denied
August 26, 1920.)

1.  **Schools—Consolidation of School Districts—Districts "Of Any Kind," Whether Consolidation Includes Independent Districts —Amendatory Statute Construed—Former Decision Distinguished.**

Under Laws 1919, Ch. 170, authorizing consolidation of two or more school districts "of any kind," and declaring for a centralized system of schools, "for the purpose of improving the' school system of this state," etc., and amending Sec. 7569, Rev. Code 1919, wherein the latter declared the purpose "of promoting a better condition in rural schools," etc., and which provided for consolidation of two or more "common school districts," held, that the amendatory act authorizes consolidation of an independent school district with one or more rural and fractions of rural districts.  Isaacson v. Parker, 42 S. D. 562, 176 N. W. 653, distinguished.  Nor does the provision in Laws 1919, Ch. 171, that upon dissolution of a consolidated district the former districts shall be "reorganized as common school districts," affect the legislative intent as expressed in Ch. 170.

2.  **Elections—School District Consolidation Election, Voting in One District Only, as Affecting Elective Franchise—Constitutional Provision, Whether Invaded—Municipal Corporation Distinguished.**

The fact that a statute (Sec. 7571, Rev. Code 1919) providing for an election for formation of consolidated school districts, provides for an election held at but one place within the area of the proposed district, does not render it violative of Const., Art. VII, Sec. 1, providing that one residing in the county 90 days and in the election precinct thirty days, is a qualified elector, etc.; the proposed district being composed of districts all of which are in one county.

3.  **Same—Voting Outside Constituent District, Whether Denial of Self-government—School District Distinguished From Municipal Corporation.**

Nor does such statute, by reason of restricting the voting for such consolidation to one place in the proposed district, operate to deprive the district in which electors reside (being other than the constituent district in which the voting is done,) of right of self-government; such objection being answered by the fact that a school district is not a municipal corporation within the principal involved.

4.   School Districts—Consolidation—Old Districts' Property Taken By Consolidated, Without Assuming Bonded Debt or Providing for Further Tax Levy, Whether Violative of Constitution—Courts to Protect Bondholder's Rights.

The fact that a consolidated school district acquires the property of the old districts of which it is comprised, without expressly assuming their bonded debts (Sec. 7572, Rev. Code 1919,) that corporate existence of former districts ceases, and that no provision is made by the amendatory act for further tax levy to pay former debts, does not render such act violative of Const., Art. XIII, Sec. 5, requiring, at or before time of incurring school district debt, a provision for such levy; since if and when a bondholder of a former district complains in this behalf, his constitutional rights will be protected by courts.

5.   Same—Consolidation Without Component District's Assent, Constitutional Provision Re—Debt Limit, Whether Constitutional Proviso Applies To.

Const., Art. XIII, Sec. 4, provides that the debt of any * * school district, etc., shall never exceed 5 per cent. upon assessed value of its taxable property, etc. A third proviso thereto provides that no * * district, etc, shall be included within such district, etc., without a majority vote in favor thereof of the electors of the * * district, etc., proposed to be included therein. A first proviso authorized incurring of an additional debt not exceeding ten per cent. on assessed valuation, etc., for purpose of providing water and sewerage, irrigation, domestic uses, and other purposes; a second, that in cities of 8000 population or more, an indebtedness not exceeding 8 per cent. of assessed valuation, etc., may be incurred for purpose of constructing street railways, electric lights, etc. Held, as against the objection that an attempted consolidation of school districts was void because vote not taken separately in each district, and because no requisite affirmative majority vote was had, that such objections are untenable; that the first and second provisos related to water or irrigated districts which might or not embrace more than one corporate entity or unit; that the portion of the third proviso preceding the words "which is proposed to be included therein," relates only to the first proviso, and does not relate to the first sentence of the section, i. e., it applies only to water, irrigation or sewerage districts embracing more than one corporate entity or unit.

McCoy, P. J., and Whiting, J., concurring specially.

Original action in quo warranto, by C. O. Nelson and others, aginst A. C. Lembcke and others, as officers of Garretson Independent Consolidated School District, to have declared void the purported creation of said district.  Order dismissing action.

*Teigen & Davis,* for Plaintiff.

*Caldwell & Caldwell,* for Defendants.

(1)  To point one of the opinion, Plaintiffs cited: Laws 1919, Ch. 170.

(3)  Under point three, Plaintiffs cited: 8 Cyc. 799; 28 Cyc. 138; McQuillan on Municipal Corporations, Vol. 1, p. 674, et sequa; 28 Cyc. 198, 210.

Defendants submitted that: It is the duty of County Superintendent and State Superintendent to see that the districts are properly grouped.  If any one district placed in a given group for consolidation, can defeat the plan, even though sixty per cent of the voters of the entire proposed district are in favor of it, we would then have government not by a majority but by a small minority.

(4)  To point four, Plaintiffs cited: Village of North Springfield v. City of Springfield 140 Ill. 165, 29 N. E. 849; F. E. & M. V. Ry. Co. v. Pennington Co. 20 S. D. 270, 105 N. W. 929; Merwether v. Garrett, 102 U. S. 472.

GATES, J.  This is an original action in quo warranto, the object of which is to have declared void the purported creation of Garretson independent consolidated school district.  The cause was submitted upon the pleadings.  The purported district consists of territory formerly constituting one independent school district, four common or rural school districts, and the greater portion of two other common or rural school districts; the independent district of the city of Garretson, in Minnehaha county, being the approximate center of the new district.  This case differs from Isaacson v. Parker, 176 N. W. 653, in that the proceedings for consolidation were not begun until January, 1920, long after the taking effect of chapter 170, Laws 1919, which amended section 7569 Rev. Code 1919, while the Isaacson case arose under section 1, c. 194, Laws 1913, later codified as said section 7569.

[1]  Plaintiffs urge that notwithstanding chapter 170, Laws

1919, it was not the intent of the Legislature to permit the formation of a consolidated district which should embrace in part a former independent school district. With this contention we cannot agree. The former act purported to authorize the consolidation of "two or more school districts of any kind," "for the purpose of promoting a better condition in rural schools." In view of the long-continued emphatic legislative policy as to the absorption of rural territory by independent school districts, and because of doubt as to whether "two or more school districts of any kind" embraced independent districts, we resorted to the context. It being apparent that the inclusion of independent districts could not promote "a better condition in rural schools," we determined that section 1, ch. 194, Laws 1913, did not contemplate such inclusion. Isaacson v. Parker, supra. Upon rehearing we adhered to that view. 178 N. W. 139.

As we said in Isaacson v. Parker, supra, the Code commission clarified the legislative intent by providing in section 7569, Rev. Code 1919, that—

"For the purpose of promoting a better condition in rural schools * * * two or more common school districts may consolidate."

The same Legislature which adopted the Revised Code promptly amended that section by said chapter 170, which provided for the consolidation of two or more school districts of any kind "for the purpose of improving the school system of this state." In view of the history of this legislation we have no doubt that the Legislature of 1919 intended to permit the inclusion of an independent school district in a consolidated district. With the wisdom of such legislation we are not concerned, but by changing the words "common school districts" to school districts of any kind," and the words "better condition in rural schools" to "improving the school system of this state," it is entirely clear to us that the words "school districts of any kind" should be given their usual and ordinary meaning, and therefore that the Legislature contemplated that independent school districts were proper subjects for consolidation. It is urged that because chapter 171, Laws 1919, provides that upon dissolution of a consolidated district the former districts shall be "reorganized as common school districts," the legislative intent must be presumed

to be the same as under the law of 1913. If there were doubt as to the legislative intent in said chapter 170, the argument might be persuasive.

[2] It is urged that the election for the formation of the consolidated district was illegal and in violation of ·Const. art. 7, § 1. The argument i s this: The election is to be held at one place only within the area of the proposed district. Manifestly in case two or more districts are sought to be consolidated the electors in one or more of the districts must vote outside their former school voting precincts, and perhaps outside their general election precincts. The above section of the Constitution provides among other things that a person who shall have resided "in the county ninety days, and in the election precinct where such person offers his vote thirty days next preceding any election, shall be a qualified elector at such election." It is therefore claimed that all of the electors except those residing in the district where the election is held are disfranchised, and that if they do vote their votes are illegal, and that, it not appearing that the requisite number of legal voters voted to authorize the consolidation, it was void.

Whether the Legislature may, in face of the above constitutional provision and of Const. art. 9, § 1, authorize voters of one county to vote in another county in case of the attempted consolidation of districts in two or more counties, we˙ do not determine. That question is not before us. In the case at bar all of the districts sought to be consolidated were in Minnehaha county. ˙We perceive no constitutional reason why the Legislature may not fix ˙any place in the proposed district as the polling place at which the electors of each of the component districts may vote if such districts are all in the same county. Such a legislative provision is virtually the designation of the whole area proposed to be consolidated as one election precinct.

[3] It is urged that the consolidation act is void because by the provisions for the election the districts are denied the right of local self-government. In support of this view decisions are cited applicable to municipal corporations. It is a sufficient answer to say that a school district is not a municipal corporation. Town of Dell Rapids v. Irving, 7 S. D. 310, 64 N. W. 149, 29 L. R. A. 861. Moreover

"The Legislature in the exercise of its inherent plenary power

may create, alter, or extend the boundaries of school districts at pleasure without consulting any of the inhabitants thereof, and although it may make taxation more burdensome, such as authorizing the formation of new districts or by creating new districts by consolidating two or more districts." Stephens v. Jones, 24 S. D. 100, 123 N. W. 707.

[4] It is urged that the consolidated district takes the property of the old districts but expressly does not assume their bonded debt (section 7572, Rev. Code 1919); that the corporate existence of the former districts ceases; that no provision is made for a further tax levy to pay former debts all in violation of Const. art. 13, § 5. Suffice it to say that if and when a bondholder of a former district complains in this behalf his constitutional rights will be protected by the courts.

[5] Finally it is urged that Const. art. 13, § 4, prohibits consolidation without the assent of each component district. That section, as it has existed since 1902, is as follows:

"The debt of any county, city, town, school district, civil township or other subdivision, shall never exceed five (5) per centum upon the assessed valuation of the taxable property therein, for the year preceding that in which said indebtedness is incurred.

"In estimating the amount of the indebtedness which a municipality or subdivision may incur, the amount of indebtedness contracted prior to the adoption of the Constitution shall be included; provided, that any county, municipal corporation, civil township, district, or other subdivision may incur an additional indebtedness, not exceeding ten per cent per centum upon the assessed valuation of the taxable property therein, for the year preceding that in which said indebtedness is incurred, for the purpose of providing water and sewerage, for irrigation, domestic uses, sewerage and other purposes; and provided, further, that in a city where the population is eight thousand or more, such city may incur an indebedness not exceeding eight per centum upon the assessed valuation of the taxable property therein for the year next preceding that in which said indebtedness is incurred for the purpose of constructing street railways, electric lights or other lighting plants. Provided, further, that no county, municipal corporation, civil township, district or subdivision shall be included within such district or subdivision without a majority vote

in favor thereof of the electors of the county, municipal corpora-
tion, civil township, district or other subdivision, as the case may
be, which is proposed to be included therein, and no such debt
shall ever be incurred for any of the purposes in this section pro-
vided, unless authorized by a vote in favor thereof by a majority
of the electors of such county, municipal corporation, civil town-
ship, district or subdivision incurring the same."

The precise point urged is that the first portion of the third
proviso ending with the words "proposed to be included therein"
relates back to the first sentence of the section. It is therefore
insisted that this attempted consolidation was void because the
vote was not taken separately in each district, and because there
was not the requisite affirmative majority vote of the electors of
any of the districts except the district in which the election was
held.

As originally adopted, article 13, § 4, contained but two
sentences. So far as any question now before us is concerned,
those two sentences were to the same effect as the present first
sentence and second sentence as far as the first proviso. At the
election of 1896 two provisos were added, somewhat simil-
ar to the present first and third provisos. The first permitted the
incurring of an additional debt of 10 per cent. by a county, muni-
cipal corporation, civil township, district, or other subdivision for
the purpose of providing water for irrigation and domestic uses.
The then second proviso declared that no county, municipal cor-
poration, or civil township should be included within any such
district without an affirmative majority vote of the county, munic-
ipal corporation, or civil township which was proposed to be in-
cluded therein. Manifestly those two provisos related to water
districts or irrigation districts which might or might not embrace
more than one corporate entity or unit. For example, if the
question was one of irrigation and by the law the county was
the unit, two counties could not have been organized as an irriga-
tion district without the consent of each. If only one corporate
entity was concerned, then of course the then second proviso had
no application because it would not then be a case of including a
county, municipal corporation, or civil township in a water district
or irrigation district. The then first and second provisos related
to nothing but water.

In 1902 said section was amended as hereinbefore set forth, but in so far as any question now before us is concerned no important change was made. Instead of being limited to the purpose of providing water for irrigation or domestic uses, the additional 10 per cent. debt permitted covered "the purpose of providing water and sewerage, for irrigation, domestic uses, sewerage and other purposes." We are not called upon to explain how sewerage may be provided for domestic uses, but manifestly the first proviso relates only to water and sewerage.

The second proviso relates only to cities having a population of 8,000 or more, and contains no clause by which any area other than such city may incur an 8 per cent. debt for street railways and lighting plants; consequently its provisions are not material to any question before us.

In Spangler v. City of Mitchell, 35 S. D. 335, 152 N. W. 339, Ann. Cas. 1918A, 373, this court held that the last portion of the third proviso, beginning with the words "and no such debt," did not relate to the first sentence of the section. We likewise here hold that the preceding portion of the third proviso does not relate to said first sentence, but relates only to the first proviso. In other words, it applies only to water, irrigation, or sewerage districts embracing more than one corporate entity or unit.

Believing the complaint in this action to be without legal merit, we think the action should be dismissed upon its merits, with costs to defendants. It will be so ordered.

WHITING, J. (concurring specially.) I concur in the result reached by my Colleagues. I concur fully in what they say relating to the constitutional questions raised. My reasons for concurring in the holding that "independent districts" may be included in "consolidated districts" will be found stated in my dissenting opinion upon the rehearing in Isaacson v. Parker.

McCOY, P. J. While I concur in the result reached, I do not concur in the limited construction placed on that part of section 4, art. 13, Const., which reads as follows:

"That no county, municipal corporation, civil township, district or subdivision shall be included within such district or subdivision without a majority vote in favor thereof of the county, municipal corporation, civil township, district or subdivision, as the case may be, which is proposed to be included therein."

I am of the opinion that this provision might and does apply to all manner of taxation districts that might be held to be within the purview of section 4; that this provision is not limited to only "irrigation" or "water" districts. I am of the view that none of the provisions of section 4 apply to an election held under the law in relation to the consolidation of school districts for school purposes. This is as far as this decision should go . When we have decided that section 4 has no application to the case at bar, we should not, in addition thereto, tie ourselves up in regard to what section 4 does apply to.