STATE ex rel. LINDSTROM, Respondent, v.
GOETZ, Appellant

(47 N. W.2d 566)

(File No. 9167. Opinion filed April 23, 1951)

**Frank J. Brady,** Yankton, for Appellant.
**Frank Biegelmeier,** Yankton, for Respondent.

SICKEL, J. This is a proceeding in mandamus. On September 12, 1949, the governing body of the City of Yankton, by resolution, extended the boundary of the city so as to include platted lots adjoining the city. The resolution was published on September 26 and a petition requiring the submission of the resolution to a vote of the electors for their rejection or approval was filed in the office of the city auditor on October 4, 1949. The city auditor refused to submit the resolution to a vote of the electors and thereupon relator brought this action to compel her to do so. After a trial upon the issues of law and fact presented, the peremptory writ was issued and then the city auditor appealed to this court.

The resolution contains a clause declaring that it "is necessary for the immediate preservation of the public peace, health, safety, and for the support of the Municipal Government of the City of Yankton, South Dakota, and its existing public institutions". Appellant's contention is that the above declaration by the governing body of the city is conclusive as to the facts therein stated, and that this declaration is not subject to review by the courts.

Article III, § 1, of the State Constitution reserves to the people the right to a referendum on all measures enacted by the governing body of a city except such laws as may be necessary (1) For the immediate preservation of the public peace, health or safety, and (2) For the support of the municipal government and its existing public institutions. Section 22 of the same article reads as follows: "No act shall take effect until ninety days after the adjournment of the session at which it passed, unless in case of emergency, to be expressed in the preamble or body of the act, the legislature shall by a vote of two-thirds of all the members elected of each house, otherwise direct."

In the case of Hodges v. Snyder, 43 S.D. 166, 178 N.W. 575, 577, Constitution Art. III, §§ 1 and 22 were given the followings interpretation: "A law may be necessary for the preservation of the public peace, health, or safety, and still be subject to the referendum, unless the Legislature declares it necessary for the immediate preservation of the public peace, health, or safety; and it will go into effect in accordance with the provisions of section 5111, Rev. Code 1919, but in the meantime it will not be subject to the referendum. If the Legislature declares such a law necessary for the immediate preservation of the public peace, health, or safety, and attaches to such law an emergency clause as provided for in section 22, art. 3, of the Constitution, then such law will go into effect immediately or at such time thereafter as the Legislature may fix, and in the meantime it will not be subject to the referendum. But a law that is necessary for the support of the state government or its existing public institutions is not subject to the referendum in any event, and will go into effect in accordance with the provisions of section 5111, Rev. Code 1919. unless the Legislature declares

the existence of an emergency, under section 22, art. 3, Const., in which case such law will go into effect immediately or at such time as the Legislature may fix. The operation of such laws cannot be suspended nor postponed by the filing of a referendum petition."

The resolution has therefore been characterized by the governing body of the city as belonging to that class of enactments which are not subject to the referendum provisions of the constitution. However, the circuit court found that this resolution was not necessary for the immediate preservation of the public peace, health or safety, or for the support of the municipal government of the City of Yankton and its existing public institutions, ruling that it was subject to the referendum and upon this finding directed the city auditor to submit the resolution to a vote of the electors of the city.

■ The question of the jurisdiction of the circuit court in this matter was settled by this court in Hodges v. Snyder, supra, 178 N.W. at page 577, where it was said: "Whether a law is in its substance and effect a law for the preservation of the public peace, health, or safety, or for the support of the state government and its existing public institutions, is a question for the courts to decide, subject to the rule that in case of doubt the legislative will should be given effect."

In support of appellant's contention counsel refers to the following statement also contained in Hodges v. Snyder, supra: "Whether an emergency exists which makes it necessary that a law belonging to either one of these two classes should go into immediate effect is a question for the Legislature, to be conclusively evidenced by a declaration of emergency under the provisions of section 22, art. 3, of the Constitution." The confusion, which is understandable, arises from the failure to always distinguish between laws not subject to the referendum as defined in Art. III, § 1, and those classified as emergency laws in Art. III, § 22, of the Constitution. The fact that the former have sometimes been referred to as "emergency measures" has caused the difficulty.

■ Article III, § 22, of the State Constitution deals with the effective date of legislation. It provides that no Act of

the Legislature shall take effect until ninety days after the adjournment of the session at which it was passed. Then it creates an exception for cases of emergency. Only those laws which are not subject to the referendum, according to § 1 are subject to the emergency clause authorized by § 22. State ex rel. Richards v. Whisman, 36 S.D. 260, 154 N.W. 707, L.R.A.1917B, 1. The same rule applies to municipalities. City of Colome v. Von Seggern Bros. & Ludden, 56 S.D. 390, 228 N.W. 800. Whether a law or ordinance is subject to the referendum is a judicial question. If it is found that the law is not subject to the referendum, the legislative declaration of an emergency is conclusive. If it be found that the law is subject to the referendum, the declaration of an emergency is void, for then no emergency could exist.

■ ■ Appellants contend that the resolution is in fact exempt from the operation of the referendum according to Art. III, § 1, of the State Constitution. The power to extend the boundaries of the municipal corporation by the annexation of adjacent territory is inherent in the legislature. Cole v. City of Watertown, 34 S.D. 69, 147 N.W. 91; Wheeler School Dist. No. 152 v. Hawley, 18 Wash.2d 37, 137 P.2d 1010. This power may be exercised by the municipality in the manner and to the extent described by law. SDC 45.29. In this instance the city has exercised the power delegated to it by SDC 45.2906 by the adoption of the resolution involved in this case. The resolution is not necessary for the immediate preservation of the public peace, health or safety, support of the municipal government and its existing public institutions. The resolution is therefore subject to the referendum provision of Art. III, § 1 of the State Constitution and SDC 45.1011 as amended by Ch. 198, S.L. 1947.

The Judgment of the circuit court is affirmed.