SCHLICHENMAYER et ux., Appellants

v.

JOHNSON, Respondent

(141 N.W.2d 408)

(File No. 10243. Opinion filed March 31, 1966)

Rehearing denied April 26, 1966

Morris Myers, Aberdeen, for plaintiffs and appellants.

Ronayne, Richards & Dobberpuhl, Aberdeen, for defendant and respondent.

Chas. E. Gorsuch, Aberdeen, amicus curiae.

HOMEYER, Judge.

The narrow question presented by this appeal is the sufficiency of the designation of polling places in the published notice of special election on a proposed school district reorganization. The trial court refused to enjoin the election and the appeal was taken pursuant to SDC 1960 Supp. 33.0704.

A petition requesting that part of the master plan for school reorganization in Brown County be submitted to a vote was filed with the county superintendent pursuant to SDC 1960 Supp. 15.2014 as amended. The petition seeks to have included in the Aberdeen Independent School District No. 32 a part of the area of Bath Independent School District No. 19.[1] The Aberdeen dis-

---

1. Aberdeen Independent School District No. 32 will be referred to as the Aberdeen district and Bath Independent School District No. 19 will be referred to as the Bath district.

trict is comprised of the city of Aberdeen and portions of nearby Aberdeen, Highland and Warner townships. The Bath district is comprised of all area within Bath township.

SDC 1960 Supp. 15.2015, as amended, prescribes the procedure to be followed upon filing of the petition:

"After the filing of a petition calling for a vote for approval or disapproval of a proposed school district as hereinbefore provided, the county superintendent shall cause a notice of a special election to be published at least once each week for two consecutive weeks preceding the special election. Such notice shall clearly state and contain the purpose of the election, a description of the boundaries of the proposed new district, and the time and place, or places, at which the election will be held. The election shall be held at the place or places within the proposed district which have been determined by the county superintendent concerned to be convenient for the voters."

The part of the notice of special election here pertinent caused to be published by the county superintendent provides:

"Polling is to take place at the following specified location within the proposed district area:

"Portion of Bath No. 19—Harold Beckler Garage, SE 1/4 23 - 123 - 63, 4 miles east and 1/2 mile south of Aberdeen, S. D.

"Precinct No. 1—Monrose School

Precinct No. 2—Tiffany School

Precinct No. 3—Howard & Hedger School

Precinct No. 4—Roosevelt School

Precinct No. 5—Garfield School

Precinct No. 6—Henry Nell School

Precinct No. 7—First National Bank

Precinct No. 8—Lincoln School

Precinct No. 9—Simmons Elementary School"

As we understand it, appellants[2] contend: (1) Since Bath township and each of the other townships, parts of which are in the Aberdeen district as presently constituted, are civil townships and each is a separate election precinct with a separate polling place under general election laws,[3] and possibly under general school election laws,[4] and (2) since SDC 1960 Supp. 15.2014, as amended, requires the proposition to be submitted "to a vote of the electors of the proposed district(s)", and (3) since the constitution defines an elector,[5] and he says an elector can only vote in his precinct, a failure to designate a separate polling place in each of the three civil townships comprising a part of the Aberdeen district makes the notice insufficient.

■■ We do not believe either the constitution or the statutes require the construction contended for by appellants. General election statutes and school election statutes as such do not control the form and manner in which school district reorganization elections are to be conducted in this state. The legislature has seen fit to enact a special statute prescribing the procedure to be followed in such elections. This statute empowers the county superintendent to designate the place or places at which the election will be held within the proposed district convenient for the voters and requires the notice to clearly state such place or places. Consequently, other statutes which appear to be in conflict with such reorganization election statute are inapplicable.

---

2. Appellants are electors of the Aberdeen district residing in the area which is part of Aberdeen township.

3. SDC 1960 Supp. 16.0801.

4. SDC 1960 Supp. 15.2315.

5. S.D.Constitution, Art. VII, § 1: "Every person resident of this state, who shall be of the age of twenty-one years and upwards, not otherwise disqualified, belonging to either of the following classes, who shall have resided in the United States five years, in this state one year, in the county ninety days, and in the election precinct where such person offers his vote thirty days next preceding any election, shall be a qualified elector at such election: First, Citizens of the United States. Second. Persons of foreign birth, who have become naturalized citizens conformably to the laws of the United States, upon the subject of naturalization."

The proposition was required to be submitted "to a vote of the electors of the proposed district(s) for their approval or disapproval."[6] The qualifications of an elector of a school district are prescribed by SDC 1960 Supp. 15.2307 which states in part:

"Any person, qualified under the Constitution, a resident of the United States for five years, of the state one year, of the county ninety days, and of the district thirty days, shall be entitled to vote at school elections * * *."

An elector of a school district is one who possesses the constitutional and statutory qualifications which entitle him to vote at any school district election in the state where he resides.[7] Residents of the Bath district living within the area sought to be included in the Aberdeen district were electors of that portion of the Bath district and also of the proposed district and were qualified to vote at the special election called by the county superintendent and she fixed the polling place for such electors at the Harold Beckler garage. Electors of the Aberdeen district were also entitled to vote and they could cast their ballots at any of the nine polling places within the existing Aberdeen district which was also a part of the proposed district. Precincts as such do not exist in school reorganization elections. Of paramount importance is ascertainment of the wishes of the voters in the respective areas which may comprise the new district. We find nothing in the statute which requires the county superintendent to advise persons qualified to vote as electors of their respective districts or portions of district at which polling place they can or must vote. In our opinion the designation of the places of election in the Aberdeen district by precinct numbers, even if such numbers coincide with precincts and polling places for other elections is surplusage and does not render the notice given pursuant to the statute inadequate.

A somewhat similar constitutional argument was made in a school district consolidation case under a statute which pro-

---

6. SDC 1960 Supp. 15.2014 as amended.
7. SDC 1960 Supp. 15.2308. With some exceptions, this statute does not allow a person school voting privileges in one school district when he lives and maintains a voting residence in another district.

vided that the determining election be held in one place within the area of the proposed district.[8] Nelson v. Lembcke, 43 S.D. 207, 178 N.W. 981. In answering this contention the court said:

> "Manifestly in case two or more districts are sought to be consolidated the electors in one or more of the districts must vote outside their former school voting precincts, and perhaps outside their general election precincts. The above section of the Constitution provides, among other things, that a person who shall have resided 'in the county ninety days, and in the election precinct where such person offers his vote thirty days next preceding any election, shall be a qualified elector at such election.' It is therefore claimed that all of the electors except [those] residing in the district where the election is held are disfranchised, and that if they do vote their votes are illegal  *  *  *. We perceive no constitutional reason why the Legislature may not fix any place in the proposed district as the polling place at which the electors of each of the component districts may vote if such districts are all in the same county."[9]

In our opinion the legislature could have fixed one or more polling places for the reorganization election. It could also grant this power to the county superintendent. Under our reorganization election statutes where previous district boundaries and election precinct lines may be disregarded, it would be manifestly unrealistic to interpret our constitution and statutes so as to require a polling place in each election precinct or part thereof which may be included in a proposed school reorganization.

Affirmed.

All the Judges concur.

---

8. South Dakota Revised Code of 1919, § 7571.

9. SDC 1960 Supp. 15.2307 provides that when district lies in two or more counties an elector may vote and hold office if a resident for ninety days of any portion of the district, though not a resident of the county in which the election is held. See also, Parks v. West, Tex.Civ.App., 108 S.W. 466.