APPEAL OF KOCH

(165 N.W.2d 526)

(File No. 10558.  Opinion filed March 5, 1969)

Rehearing denied April 11, 1969

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for appellant.

**James R. Brennan,** States Atty., **David O. Rude,** Deputy States Atty., Rapid City, for respondent.

PER CURIAM.

From 1962 to 1966 real and personal property taxes were assessed against property owned by Karl J. Koch and used by Karl John's Beauty College located at 101 St. Joe Street in Rapid City. On March 2, 1967 appellant Koch filed an application with the Board of County Commissioners of Pennington County for abatement and refund of said taxes. The application was denied and an appeal was taken to Circuit Court. On January 18, 1968 the Circuit Court entered its judgment ordering and adjudging that Karl John's Beauty College was not an educational institution entitled to an exemption of taxes under SDC 57.0311. An appeal was then taken to this court.

No tax on property within a municipality may be abated or refunded without the approval of the governing body of the municipality in accordance with SDC 57.0803 and its companion statute which reads as follows:

> "In any case where the concurrence of a municipality in the granting of any abatement or refund is required, the action of the municipality shall be certified to and filed with the county auditor of the county within thirty days after an application for such concurrence shall have been filed with the clerk or the presiding officer of the governing body of such municipality, and if not so filed with said county auditor within such time, the municipality shall be deemed to have concurred in granting the application.

> "If the certificate of the municipality shows that it refuses concurrence, the board of county commissioners shall cause notice of not less than ten days of a time and place for hearing the controversy to be served upon the municipality and the applicant, at which time and

place the municipality and the applicant may be heard and the board of county commissioners shall thereupon decide the matter of granting the application in whole or in part and from which decision, either the applicant or the municipality may appeal to the Circuit Court in the same form, manner, and time as other appeals are taken from decisions of the board of county commissioners." SDC 57.0806.

As the record does not show compliance with this mandatory requirement the Board of County Commissioners had no authority to act on the application for abatement and refund. Neither did the Circuit Court on appeal. Nor may we consider the merits in view of this jurisdictional defect. County School Board of Pennington County v. Cottonwood School District, 81 S.D. 530, 137 N.W.2d 882. Our only authority is to dismiss the appeal and it is so ordered.

BIEGELMEIER, P. J., and ROBERTS, RENTTO and HOMEYER, JJ., concur.

HANSON, J., concurs in result.