## IN THE MATTER OF THE VACATION OF A PORTION OF MACKRILL'S ADDITION TO THE CITY OF WALL

(179 N.W.2d 268)

(File No. 10770. Opinion filed September 1, 1970)

**Sieler & Sieler,** Rapid City, for petitioners and appellants.

**Costello, Porter, Hill, Banks, & Nelson,** Rapid City, for objectors and respondents.

RENTTO, Judge.

While this proceeding is entitled as seeking the vacation of a portion of the plat of an addition to a townsite it

is, in effect, one seeking the vacation of a portion of a street. After a hearing at which petitioners and objectors were heard, the city not appearing, the court denied the relief requested. Petitioners appeal.

The plat of the addition involved was duly filed June 23, 1910. In April of the following year the governing board of the town, now city, of Wall, South Dakota, by resolution approved it and declared the area annexed to and made a part of the town. The certificate of the owner of the land platted declared that all streets, avenues and alleys shown thereon were dedicated to the public. Among the streets set forth on the plat is A Street.

In this proceeding the court found that the portion of A Street in issue had been in constant and continuous use by the general public as a street, and concluded that it had been accepted by the city and public. See City of Watertown v. Troeh, 25 S.D. 21, 125 N.W. 501; Edmunds v. Plianos, 74 S.D. 260, 51 N.W.2d 701. Relief was denied because it would abridge and destroy rights and privileges of other proprietors in such plat and authorize the closing and obstructing of a public highway laid out according to law.

Prior to the institution of this proceeding petitioners, the owners of adjoining property, had asked the governing board of the city to vacate a portion of a street in Mackrill's Addition. This was made pursuant to SDC 1960 Supp. 45.1708, now SDCL 9-45-7 to 9-45-13. The vacations authorized by these provisions are of streets, alleys and public grounds. The area involved in that effort was described as the part of A Street between the east line of Norris Street and the west line of Glenn Street which are consecutive streets, except that part of it common with the alley running north and south through blocks one and four thereof. The city council took no action on the request.

In the cited enactments it is provided that no street, alley or public ground, or part thereof, shall be vacated by the governing body except upon the "consent in writing of all the owners of the property adjoining the part of the street, alley, or public ground to be vacated, * * *." SDCL

9-45-7. The objectors in this proceeding are the owners of property adjoining that part of A Street, the vacation of which was sought from the city council. They did not consent to the requested vacation. This probably accounts for the council's failure to act on the petition.

Those seeking the vacation did not let the matter rest there. On May 27, 1969 they filed their petition in this proceeding in the circuit court. In so doing they utilized the provisions of SDC 1960 Supp. 45.2815. This statute came into our law as Ch. 212 of the Laws of 1947. It is concerned with the vacation of plats or parts thereof. As amended by Ch. 266, Laws of 1953 it appears now as SDCL 11-3-20 to 11-3-26. In support of a motion made in the trial court by the objectors to dismiss the petition it was suggested, among other grounds, that the statute under which the petition was filed does not contemplate proceedings in which the vacation sought is of a street. The motion was denied.

■ The thrust of this claim is that the court had no jurisdiction of the subject matter. In other words, that it had no power to enter upon the proposed inquiry, Janssen v. Tusha, 68 S.D. 639, 5 N.W.2d 684, nor to hear and determine a cause of this nature. Mellette County v. Arnold, 76 S.D. 210, 75 N.W.2d 641. Such power is derived solely from the law. 21 C.J.S. Courts § 23; 20 Am.Jur.2d, Courts, § 91. Absent such power the court would be without jurisdiction. Even though this contention was not further presented at the trial nor here on appeal, being a jurisdictional matter we are required to consider it on our own motion. County School Board of Pennington County v. Cottonwood School District No. 41 of Pennington County, 81 S.D. 530, 137 N.W.2d 882.

As indicated, the petition is entitled as being one for the vacation of a portion of a plat. The areas it seeks to have vacated are two strips of land 60 feet in width and 150 feet in length, each described by metes and bounds. Although differently described, the areas as to which vacation is here sought are the same areas as to which it was sought from the city council in the first proceeding. One of the strips is that part of A Street east of the alley and the other is the

part west of it. If the relief here requested is obtainable in this manner then we have two proceedings for the vacation of streets. In one the consent of the adjoining owners is a prerequisite. In the other it is not. Our problem is to determine whether the legislature intended this incongruity.

The state's power in respect to the vacation of streets is plenary. The only specific restriction placed on this power by our constitution prohibits the enactment of private or special laws concerning it. Art. III, § 23. It may be exercised by the legislature directly or delegated by it to subordinate governmental agencies, including the judiciary. 39 Am.Jur.2d, Highways, Streets, and Bridges, § 143; 39 C.J. S. Highways § 113; McQuillin-Municipal Corporations, 3rd Ed., Rev. § 30.185; Rhyne-Municipal Law, Ch. 18-30. However, the agency to which such power is delegated must exercise it in substantial compliance with the procedure prescribed and only to the extent authorized by law. State ex rel. Lindstrom v. Goetz, 73 S.D. 633, 47 N.W.2d 566. Its actions in excess thereof are of no effect as being beyond its power.

Before the enactment of Ch. 212, Laws of 1947, our law concerning the vacation of plats of a municipality or subdivision therein, was contained in SDC 45.28. A new section 45.2815 was added by the enactment of Ch. 212. This is the law under which the petition herein was filed. Its critical section provides:

"That any person interested may file a petition in the office of the Clerk of the Circuit Court of the county wherein the platted property or some part thereof is situated, setting forth, (a) the names and addresses of the record owner of the plat or part thereof sought to be vacated, (b) the legal description of the same, (c) the names of the legal voters, if any, who reside upon the same, (d) the character and use of the same, (e) a description of any public highway located thereon, (f) any other facts pertinent to the application."

In our opinion the language of this section is persuasive that it does not authorize the vacation requested by the petitioners.

The enumerated characteristics which the act seems to contemplate that the area sought to be vacated should possess, compel the conclusion that the legislature did not intend this procedure to be available when the area involved was a street. As to such area they are irrelevant. Significantly the act expressly provides that under it the closing or obstructing of a public highway laid out according to law may not be authorized. Its concern seems to be with the lots and blocks of the area, not its streets. This we think is the clear meaning of the language used by the legislature.

The act makes no mention of a street as such. It does, however, refer to public highways which term includes streets. SDCL 31-1-1. It is concerned with a street only in the event it is located on the area as to which the vacation is being sought. In this frame of reference the street is not the area being vacated but only incidental thereto. Had the legislature intended by this enactment to duplicate the vacations authorized in SDCL 9-45-7 we think it reasonable to believe it would have said so as clearly as it did in that act— "street, alley, or public ground, or part thereof * * *". Since the only relief sought by this proceeding was in excess of that authorized by the statute, the court had no jurisdiction of the subject matter.

■ When the circuit court is without jurisdiction of the subject matter in litigation, the Supreme Court does not acquire jurisdiction by appeal to it from a judgment of the circuit court. Middle Creek School District No. 18 v. Butte County Board of Education, 83 S.D. 107, 155 N.W.2d 450. In view of the jurisdictional deficiencies present in this case we have authority only to dismiss the appeal. Appeal of Koch, 84 S.D. 1, 165 N.W.2d 526. Accordingly, that will be our judgment.

All the Judges concur.