## ATLANTIC CITY v. ANDREW SNEE.

Argued February 25, 1902—Decided June 9, 1902.

1. The bringing of an action of ejectment is an acceptance of a dedicated street; no other acceptance need be proven.
2. No right can be acquired against the public because a dedicated street is not opened to its full width; it may be so opened at any time.

On ejectment.   On error to the Atlantic Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN
SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Godfrey & Godfrey.*

For the defendant, *William I. Garrison.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an action of ejectment brought
by Atlantic City to remove an alleged encroachment by defendant on one of the streets of the city, the right to which
it claims by dedication.

The trial resulted in a verdict and judgment for the city,
which is in this court by writ of error for review.

The only exceptions which will be considered are those
which are signed by the trial judge.

The first exception upon which error is assigned is the
admission in evidence by the trial court of an ordinance of
the city to show acceptance of the dedication of the street.

It is wholly immaterial whether the ordinance was duly
proven or legally admitted, as it has been repeatedly held
that the bringing of ejectment constitutes an acceptance.

The second exception relates to the refusal of the court to
permit the following question to be asked by the defendant:

"*Ques.* Have you ever seen that street so blocked with
railroad wagons that it was impossible for passengers to go
there?"

This question was so clearly incompetent that it is not
conceived upon what ground it can be regarded as debatable.

The third exception relates to the admission of a duly
certified copy of a deed from the Camden and Atlantic Land
Company to Caroline W. Lloyd, on which there was a map
of the premises described in the deed.

The objection was directed principally to the map, which
it was insisted was not evidential because it was a copy and
not the original map.

The deed, in describing the land, expressly refers to a map on the back part of the deed, showing that the map accords with the boundaries set forth in the deed.

The map is part of the deed, and by section 55 of the act respecting conveyances (*Pamph. L.* 1898, *p.* 690), a copy of the deed duly certified is evidence as effectual as the original deed if produced.

There was no error in the admission of this testimony.

The fourth exception relates to the following offer of the defendant: "Our offer is to prove by Captain Snee that Colonel Morris was a member of the community at or about 1870; that he is since deceased, and that he made a declaration before the beginning of this suit that the lines upon which the house of Captain Snee was built, or that the land so occupied, was the accepted or practical line of that street, and that Captain Snee would be safe in adopting that line."

This offer was overruled, exception taken and error assigned by the defendant.

In matters of public and general interest the declarations of persons who are shown to have means of knowledge are admissible to prove reputation in the community. *Morewood* v. *Wood,* 14 *East* 329, *note;* *Weeks* v. *Sparke,* 1 *Mau. & Sel.* 679.

In *Pim* v. *Curell,* 6 *Mees. & W.* 234, evidence of reputation was admitted as to a public right of ferry.

In 1 *Greenl. Evid.,* § 128, the author says: "This evidence is restricted to matters of public concern in which all persons must be presumed to be conversant, on the principle that individuals are presumed to be conversant in their own affairs; and as common rights are naturally talked of in the community, what is thus dropped in conversation may be presumed to be true."

The declaration of Colonel Morris, which was offered in evidence, was that it would be safe for the defendant to locate his house where he did, because the city had not opened or used the street to a greater width than the line upon which he built.

There was no dispute as to the fact that the defendant's house was built on the line of the street as it had been opened and used by the city. This evidence may have been competent to show how far the street had been opened, *but as that was admitted,* there was no error in overruling the offer.

No right could be acquired against the city because it did not open the street to its full width originally; it could do so at its pleasure at any time.

The defendant built at his peril, and if he trespassed upon the street as dedicated, the fact that the city had not opened it to its full width was no defence to an action of ejectment.

The evidence was therefore properly rejected. *South Amboy* v. *New York and Long Branch Railroad Co.,* 37 *Vroom* 623.

The motion to nonsuit was also correctly denied. There was ample evidence of the dedication of the street, and its location was properly submitted as a question of fact to the jury.

The judgment below is affirmed.