## CITY OF WATERTOWN v. TROEH.

It will not be presumed that it was the intent to dedicate, for public use, a mere cul-de-sac.

No particular form of dedication is necessary, and, if in writing, no particular words.

An intent to dedicate may be shown by the use of the land in question.

Evidence **held** to justify a finding of an intent to dedicate a strip of land for a public alley.

The power vested in a city council by its charter to lay out streets and alleys does not exclude the right of the public to accept by user the dedication of a public way.

Acceptance of a dedication of a public way may be predicated on user alone.

How much use of a way is necessary to constitute acceptance of a dedication depends on the facts of each case.

Where there was an intent to dedicate aside from mere user, and the land in question had been openly used by the public for 18 or 19 years, there was a sufficient acceptance of the dedication.

The institution of an action by municipal authorities to enjoin the obstruction of an alleged alley constitutes an acceptance of the dedication thereof.

(Opinion filed, Feb. 16, 1910.)

Appeal from Municipal Court of Watertown. Hon. GEORGE H. MARQUIS, Judge.

Action by the City of Watertown against J. H. Troeh. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin,* for appellant.

To constitute a valid and complete dedication two things must concur, to wit.: An intention by the owner clearly indicated by his words and acts to dedicate the land to a public use and an acceptance by the public of the dedication. San Francisco v. Canvan 42 Cal. 554; Demartine v. San Francisco, 107 Cal. 409; Mason v. City of Sioux Falls, 2 S. D. 640. Dedication is never to be presumed without evidence of an unequivelent intention on the part of the owner. Quinn v. Anderson, 70 Cal. 456; Whelan v. Boyd, 93 Cal. 500; Davis v. Bonaporte, 114 N. W. 897; O'Malley v. Dillenbeck Lumber Co., 119 N. W. 601.

*Perry F. Loucks* and *Seward & McFarland,* for respondent.

Common law dedication is in substance the dedication of the land by the owner thereof growing out of the intent on his part, either express or implied, that the same might and should be used by the public for some public purpose and for the convenience and benefit of the public, which said giving or yielding must be accepted and received by the public, which act of receiving and accepting by the public is inferred from the occupying and the

using of the land for the purposes for which it was intended to be occupied and used, by the owner and holder of the legal title, after his intent had been expressed or manifested as aforesaid. Mason v. City of Sioux Falls, 2 S. D. 640; Sweatman v. City of Deadwood, 9 S. D. 380; Whittaker v. City of Deadwood, 12 S. D. 523-608; State v. Trask, 27 Am. Dec. 554; Taraldson v. Lime Springs et al, 60 N. W. 658, 9 Amer. & Eng. Ency. Law p. 34. Dedication may be made by grant or written instrument, or it may be evidenced by acts and declarations, without writing, and is purely a question of intention. Godfrey v. City of Alton, 52 Am. Dec. 476.

WHITING, P. J. This action was brought by the plaintiff corporation to enjoin the defendant from obstructing a piece of land 12 by 25 feet in dimensions, which said piece or tract of land, it was claimed by the plaintiff, was a part of a public alley within plaintiff's corporate limits. At the time of commencement of this action, the plaintiff procured a restraining order, together with an order to show cause why an injunction pendente lite should not issue. Defendant objected to the application for injunction and, as ground for such objection, maintained that the facts set forth in the complaint and affidavit were insufficient to justify the relief sought. The objection was overruled, and defendant excepted. Upon the trial defendant objected to the receipt of any evidence under the complaint for the like reason, which objection was overruled and exception taken. The trial being had before a jury, special findings were reported by such jury, and afterwards the court made its findings of fact and conclusions of law. A decree having been entered in favor of the plaintiff, and a motion for new trial having been denied, the defendant has appealed to this court.

Upon this appeal he has assigned the above-mentioned rulings of the court as error; but we are clearly of the opinion that there is no merit in this assignment. Appellant has also assigned as error certain rulings of the court pertaining to the admission of evidence; but we are satisfied that there was no error in such rulings, and, even if there had been, the evidence received was not of a nature that would warrant a reversal.

The real question demanding our attention in this case is the sufficiency of the evidence to warrant certain findings made by the jury and the court, which findings the appellant claims were not sustained by the evidence. It is unnecessary to recite such findings in detail; it being sufficient for the purposes of this case to state that, if the evidence herein would warrant findings to the effect that one Johnson had intended to dedicate the land in question as a public alley, and, further, that the plaintiff corporation had accepted such dedication, the findings of the jury and court should be sustained, and with them the conclusions of law as rendered by the court.

In order to make more clear the facts as brought out by the testimony, we have prepared a plat of the block of land wherein is situated the tract involved herein; such block of land being known as "block 5" and being bounded on the north by street known as "Dakota Ave." and on the east by "Oak St."

A- PART OF ALLEY IN SUIT.
A-B LAND DEEDED TO DEF'T
A-B. DEEDED BY JOHNSON 11-15-80. 25'x125'.
C    "    "    "    8-8-81  25'x125'
D.   "    "    "    7-26-81. 117'x125'

It will be observed that a public alley running east and west cuts the block in two, and that from this public alley another public alley extends south to the south side of the block. It

appears that the lots in the north half of this block were platted extending north and south from Dakota avenue to the first-mentioned public alley; such lots being 25 feet in width and being numbered 1 to 14 commencing with the east lot. It is conceded that in the year 1880 lots 1 to 5 were owned by one Johnson. It is the claim of the respondent that Johnson dedicated the west 12 feet of lot 5 as a public alley, and the south 25 feet of such strip, being marked on the plat "A," is the land involved herein. It appears from the evidence that for some reason, presumably because Oak street had developed into a better business street than had Dakota avenue, Johnson in selling the land so owned by him divided the same by lines running east and west across such lots. November 15, 1880, Johnson conveyed, by warranty deed, the land now claimed by appellant, being the south 25 feet of lots 1 to 5. This deed ran to one William M. Pierce as grantee and is in ordinary form of warranty deed; the granting clause of said deed containing, after the description of the land, which included the said strip 125 feet east and west by 25 feet north and south, the following: "Reserving unto the said party of the first part the right of way over the strip 12 feet in width along the west line of said tract for a public alley." It is through this deed that defendant claims title; he having received by deed about 1899 whatever interest passed to Pierce under the above deed. July 26, 1881, Johnson conveyed, by warranty deed, to a party having no interest in any other part of these lots or those joining, the north 117 feet of lots 1 to 5; the granting clause in such deed containing, after the description of the land conveyed, the following: "Subject to the right of way heretofore granted to William M. Pierce by the parties of the first part over a strip 12 feet in width along the west line of said tract for a public alley." August 8, 1881, said Johnson conveyed the strip lying between the two parts already conveyed to a still different party, who had no interest in any adjoining property. The deed to this property contained in the granting clause, after the description, the following: "Reserving, however, a right of way 12 feet wide across the west end of said tract of land unto parties of the first part, their heirs and assigns forever."

It appears that, at the times just mentioned, there was a street connecting with Dakota avenue on the north side thereof, the south end of which street was opposite the north end of this 12-foot strip which it is claimed was dedicated as a public alley. There was some conflict in the testimony as to the amount of use that had been made of this 12-foot strip by the public; but there was ample evidence to warrant finding that, from the year 1880 down to about 1899, the public had made general use of such strip as an alley. It appears that, about the year 1899, the defendant inclosed the part which he claims to own by wire fencing. The evidence is conflicting as to how long the so-claimed "alley" was obstructed by such fence; but there was ample evidence to warrant finding that such obstruction was of but a few months in duration, and that, during such time, there was a way through to the west of this piece, so that the strip remained in use by the public passing to the west of this piece; and the evidence showed that, the party owing lot 6 desiring to build thereon next to the piece claimed by defendant, the obstruction to the piece in question was removed, and the same has been used by the public at all times until just prior to the commencement of this action, when the defendant started to erect the building thereon, to enjoin the erection of which this action was brought.

It is the claim of the appellant that the reservations in such deeds did not indicate an intent to, and did not, convey to the public a right of way over the strip in question. While there might be some doubt as to whether such deeds actually conveyed to the public the entire strip from Dakota avenue to the alley south of these lots, owing to the wording of the reservation in the last deed, yet it appears to us that such deeds, especially when taken in connection with the other facts shown, clearly prove an intent on the part of Johnson to dedicate such strip for public use; and there appears an acceptance of such strip by the corporation, through the use thereof by the public, prior to the date when defendant acquired his title. Examining carefully these deeds, it is apparent that the deed through which defendant claims in no manner attempted to reserve a private right of way. True, it reads that the reservation is to Johnson, and one can

readily see why he would be interested in reserving a way, either private or public, to the land to the north, thus giving him an outlet to the public alley; but it will be noted that this is not a reservation to Johnson and his grantee, and it surely could not be the intent of Johnson to reserve a right which would not pass to the person to whom he might afterwards sell the rest of said land. Taking this into consideration, together with the express declaration that it is a public alley, it is hard to escape from the conclusion that it was his intention that this become a public rather than a private way. Referring now to the deed to the north 117 feet, it seems clear that, by the reservation therein, the grantor, Johnson, acknowledged that he had granted to Pierce the west 12 feet of this 117-foot tract, and had so granted it to be used as a public alley. Reference to the deed to Pierce shows that the same contained no grant or reservation whatever of this 117-foot strip in favor of Pierce.

We must therefore conclude that Johnson either had granted, or supposed he had granted, such right of way by some instrument not produced in evidence, and it clearly shows, regardless of whether Johnson had ever actually made any such prior grant, that, at this time, he intended to reserve this strip as a public alley and not pass it by such deed. Remembering that there would still be 23 feet between the tract conveyed to Pierce and the west end of the 117-foot tract, the jury clearly had a right to presume that it was the intent of Johnson not only to dedicate the 117-foot strip, but to dedicate sufficient to connect with the tract he had conveyed to Pierce, as it will not be presumed that it was his intent to dedicate, for public use, a mere cul-de-sac. City of Eureka v. Armstrong, 83 Cal. 623, 22 Pac. 928, 23 Pac. 1085. Furthermore, in the last deed, Johnson reserved from the effect thereof the said 12-foot strip connecting the two strips in the other deeds referred to, and it will be noted that this reservation was made in favor of himself, his heirs and assigns. He had already conveyed all the rest of said 5 lots, and certainly this reservation could not have been intended for his own use. Neither could he by the term "assigns" have intended the grantee in such deed, as such reservation was a limitation against such grantee.

It therefore seems clear to us that such deed should be interpreted as intending to make this reservation in favor of his prior grantees, and to protect himself, owing to the fact that he knew he had already dedicated this land to the public.

It seems to be the universal rule of law that no particular form of dedication is necessary, and that, if the same is in writing, no particular wording is necessary. 12 Cyc. 453. Furthermore, it has been held by this court, in the case of Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802, that the intent to dedicate may be shown by the use of the land in question. It is therefore clear that, considering the reservations in the deeds, the situation of these lots, the fact that Johnson had changed the platting, that to make this tract valuable for business purposes an alley at the rear of the tracts sold was important, that the south end of such strip would connect with the public alley, and the north connecting with a street opposite the end of another public street, there was ample to justify the jury and court in finding an intent on the part of Johnson to dedicate the strip for a public alley.

It is claimed by the appellant that, even conceding that Johnson intended to dedicate this strip as a public alley, it never became such a public alley because it was never accepted as such by the corporate authorities; it being the claim of appellant that, inasmuch as the charter of respondent city vested its council with the power of laying out streets and alleys, such power was exclusive, and there could not be an acceptance through public user. We are unable to find anything in such charter that in any manner restricts the power of the public to accept by user a dedication for public way. It is true that the charter of said city gives its council power to lay out streets and alleys, a power that is ordinarily found in charters; but we can see no reason why this should be held to exclude the power otherwise resting in the public. It is true the decisions of the courts are not uniform on this proposition, there being states where, even without any statute, it is held that there cannot be acceptance by mere user; but the great weight of authority is to the contrary. The authorities on this question will be found collected in the notes to

Riley v. Buchanan, 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 642, 3 Am. & Eng. Ann. Cas. 789; and in the notes to State v. Trask, 6 Vt. 355, 27 Am. Dec. 554. Moreover, this court, in Mason v. City of Sioux Falls, supra, and in Larson v. C., M. & St. P. R. Co., 19 S. D. 284, 103 N. W. 35, has upheld acceptance by user. In Elliott on Roads and Streets, after noting the several lines of decisions, the learned author, at page 118, says: "The later de- cisions upon this subject will, when analyzed, be found to be well bedded in principle. The 'town, country, or parish,' using Prof. Greenleaf's terms, is represented by the town, county, or parish officers; but the officers are not the corporation. The municipal corporation consists of the inhabitants and not the officers; the officers are, in truth, nothing more than the agents of the corpor- ation. The inhabitants, therefore, stand to the officers as prin- cipals, and if the principals have, by their conduct, accepted the dedication, it is of no great importance that the agents have taken no action in the matter. The inhabitants of a locality having by long-continued use treated the way as a public one, they make it such without the intervention of those who derive their au- thority from them."

As to how much use of a way is necessary to denote an ac- ceptance of a public way will depend upon the facts in each case. If the way is one which, from its nature, might be ex- tensively used, greater use will be required to show an acceptance. If the proof of intent to dedicate should rest largely upon the fact of public use, then such public use, being necessary to prove not only dedication but acceptance, must be greater than where the intent to dedicate is clearly shown by evidence other than of user by the public. 13 Cyc. 465. In this case, where there was evidence sufficient to show intent, even excluding all the evidence of user, and where it was shown that for some 18 or 19 years this tract had been openly used by the public, there was ample to prove an acceptance prior to the time defendant received his deed; and, furthermore, the obstruction temporarily placed by the defendant—when we consider the fact that a way was left through which the public continued to use the remainder of this strip, and the further fact that this obstruction was merely tem-

porary—shows a practically continuous user to the time, immediately prior to the commencement of this action, when appellant took steps to permanently obstruct the public use of this strip. This being true, the right to accept this strip by the corporate authorities, if such acceptance had been necessary, had never been lost, and when the corporate authorities instituted this action, by that act, they fully accepted this strip of land as a public alley Atlantic City v. Snee, 68 N. J. Law, 39, 52 Atl. 372.

The findings of the jury and the court, together with the conclusions of the court thereon, are fully justified under the evidence in this case.

The judgment of the trial court and the order denying a new trial are affirmed.