#24602-rev & rem-JKK

**2008 SD 54**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KENNETH M. TONSAGER, SR. and
DARLENE M. TONSAGER,                    Plaintiffs and Appellants,

    v.

DAVID LEROY LAQUA,                          Defendant and Appellee,

WALL LAKE SANITARY DISTRICT,       Third Party Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE KATHLEEN K. CALDWELL
Judge

* * * *

MICHAEL E. UNKE of
Unke Law Office                             Attorney for plaintiffs
Salem, South Dakota                          and appellants.

JENNIFER L. LARSEN of
Hagen, Wilka & Archer, PC              Attorneys for defendant and
Sioux Falls, South Dakota                 appellee David Laqua.

PAUL H. LINDE of                          Attorneys for defendant and
Schaffer Law Office, Prof., LLC        appellee Wall Lake Sanitary
Sioux Falls, South Dakota                 District.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 7, 2008

OPINION FILED **06/25/08**

#24602

KONENKAMP, Justice

[¶1.]       This is a dispute between adjoining landowners on the extent and meaning of an easement granted to a sanitary sewer district. The circuit court concluded that the easement was private, and therefore, the neighboring landowner could not access the public sewer system through the adjoining landowner's property. Because the easement was granted to a sanitary sewer district, a governmental entity, and the district clearly accepted the grant by its use of the sewer facilities, the court erred in declaring the easement private. We reverse and remand.

## Background

[¶2.]       Kenneth, Sr. and Darlene Tonsager (plaintiffs) brought suit against their neighbor David Laqua (defendant), seeking a permanent injunction and damages for covenant and easement violations. Defendant counterclaimed for a permanent injunction and damages on allegations that plaintiffs' sewer pipes passed under his property without his permission and without an easement allowing the encroachment. Both properties are served by a centralized sanitary sewer system, owned and maintained by the Wall Lake Sanitary District. Just inside defendant's lot line there is a sewer lift station dedicated to the Sanitary District. When plaintiffs bought their property in 1998, plaintiffs' sewer line was connected to that lift station, as required by the Sanitary District. Defendant acquired his property in 2004 from his father, who purchased it from Donald E. Larson, the owner who executed the easement in question.

-1-

[¶3.] Plaintiffs responded to defendant's counterclaim by bringing a third-party complaint against Wall Lake. They asserted that Wall Lake was liable for any damages plaintiffs suffered as a result of Wall Lake's failure to obtain the proper easement for the sewer lines. Wall Lake moved for summary judgment on plaintiffs' third-party complaint, contending that plaintiffs failed to provide notice as required by SDCL 3-21-2, the statute of limitations had expired, and sovereign immunity barred the suit. All parties moved for summary judgment.

[¶4.] In its grant of summary judgment to defendant on his counterclaim, the court ruled: "I find that the easement granted to Wall Lake is an easement in gross. There is no language in the easement dedicating the easement to public use and it can be inferred that [defendant] did not intend and would not want this easement to Wall Lake to be extended to the public at large." In so holding, the court concluded that only a private easement existed. Plaintiffs were ordered to immediately disconnect and remove all sewer piping on defendant's property. As to Wall Lake's motion, the circuit court granted summary judgment against plaintiffs for all the reasons asserted by Wall Lake. Plaintiffs appeal both grants of summary judgment.[1] Because we conclude that the court erred in granting summary judgment to defendant, the summary judgment for Wall Lake becomes moot.

---

1. Under our familiar standard, "[w]hen reviewing a grant of summary judgment, we decide only whether there were genuine issues of material fact and whether the law was correctly applied." Heib v. Lehrkamp, 2005 SD 98, ¶19, 704 NW2d 875, 882 (citing SDCL 15-6-56(c); Keystone Plaza Condominiums Ass'n v. Eastep, 2004 SD 28, ¶8, 676 NW2d 842, 846). "We view the evidence in a light most favorable to the nonmoving party." Toben v. Jeske, 2006 SD 57, ¶9, 718 NW2d 32, 35 (citing Wilson v. Great Northern R.R. Co., 83 SD 207, 212, 157 NW2d 19, 21 (1968)). The moving party has

(continued . . .)

**Analysis and Decision**

[¶5.] Plaintiffs assert error in the circuit court's decision to grant summary judgment on defendant's sewer line counterclaim. According to plaintiffs, the Wall Lake easement unambiguously dedicates defendant's property to the public. They point out that Larson, the previous owner of defendant's property, "knew that two other property owners would connect" to the sewer line on his property. Plaintiffs also argue that because the easement's purpose is for Wall Lake to construct and maintain sewer facilities for the benefit of multiple users, "the nature of the enjoyment by which [the easement] was acquired" gives them the right to cross defendant's property to connect to those facilities.[2] *See* SDCL 43-13-5. Wall Lake Sanitary District joins in plaintiffs' position, noting that "the trial court's order essentially prevents Wall Lake from providing access to a necessary sewer system."

[¶6.] An easement's extent must be ascertained from the document itself: if its words are plain and unambiguous, "the matter is concluded.'" Salmon v. Bradshaw, 84 SD 500, 505-06, 173 NW2d 281, 284 (1969) (citation omitted). "The

---

(. . . continued)

the burden of showing "the absence of any genuine issue of material fact and entitlement to judgment as a matter of law." Yarcheski v. Reiner, 2003 SD 108, ¶15, 669 NW2d 487, 493 (citing S.D. Dept. of Rev. v. Thiewes, 448 NW2d 1, 2 (SD 1989)).

2. As further proof for the existence of a public dedication, plaintiffs point to the plat filed by defendant with the Minnehaha Register of Deeds office. This plat was only submitted by plaintiffs after the court granted summary judgment against them, when they moved for reconsideration. The court denied the motion. Defendant objects to our consideration of this plat because it was not considered by the circuit court. In keeping with our long-standing policy, we will not accept evidence not considered by the circuit court.

terms of the grant, as they can be learned either by words clearly expressed, or by just and sound construction, will regulate and measure the rights of the grantee." *Id.* (citation omitted). When the terms are "clear, definite and unambiguous" it is "unnecessary to resort to extrinsic facts or circumstances to determine its meaning or extent." *Id.*

[¶7.]     In support of his motion for summary judgment, defendant submitted an affidavit stating, "At no time have I granted an easement for the public use of the sewer facilities located on my property, and have no knowledge that any prior owner of my property has granted an easement dedicated to the public use for such purposes." In 1991, however, the prior owner of defendant's property, Donald E. Larson, executed a "Sewer System Easement," which states in part:

> GRANTOR, hereby grant [sic] to the Wall Lake Sanitary
> District, . . . a permanent easement for the purpose of surveying,
> locating, staking, constructing, installing, maintaining and
> inspecting sewer lines, manholes, cleanouts, pump vaults, valves
> and other facilities related thereto over, under, across and
> through the following described real property in Minnehaha
> County, South Dakota . . . together with the right of ingress and
> egress over such lands and any adjacent lands owned by
> GRANTOR, his successors and assigns for the purposes of this
> easement.
> . . .
> The rights, conditions and provisions of this easement shall
> inure to the benefit of, and is binding upon, the heirs, successors
> and assigns of the parties hereto and shall constitute a covenant
> running with the land for the perpetual benefit of the
> GRANTEE, its successors and assigns.[3]

---

3.     This document was prepared by the engineering firm of DeWild Grant Reckert and Associates Company of Rock Rapids, Iowa, presumably on behalf of the Sanitary District.

From reading this document, our question is whether a plain reading or a "just and sound" construction will render this easement a public dedication.

[¶8.]        Wall Lake Sanitary District is a political subdivision incorporated expressly to provide a sewage system for the residents of its district.  *See* SDCL 34A-5-1; SDCL 34A-5-14; SDCL 34A-5-26(4).  Although the word "public" cannot be found in the easement, the language of this document clearly grants a "perpetual" easement to a public entity.  Binding on the grantor's "heirs, successors and assigns," the easement is specifically for "constructing, installing, maintaining and inspecting sewer lines, manholes, clean outs, pump vaults, valves and other facilities thereto over, under, across and through" defendant's property.

[¶9.]        An easement may be dedicated to public use if the owner clearly acts to so dedicate it and the public entity accepts the dedication.  Tinaglia v. Ittzes, 257 NW2d 724, 728-29 (SD 1977) (citations omitted); *see also* Bergin v. Bistodeau, 2002 SD 53, ¶¶15-17, 645 NW2d 252, 255-56.  Defendant concedes that in certain circumstances, when the grantee of an easement is a public entity, such easement may grant rights to public use.[4]  Nonetheless, defendant contends that a dedication to public use was not plainly manifested in this easement.  But this Court has long recognized "the universal rule of law that no particular form of dedication is necessary[;] if the same is in writing, no particular wording is necessary."  City of Watertown v. Troeh, 25 SD 21, 125 NW 501, 503 (1910) (citation omitted).

---

4.      SDCL 34A-5-14 provides:  "Such sanitary district, created and established under this chapter, shall be a governmental subdivision of this state and a public body, corporate and politic."

Moreover, as Justice Whiting wrote in *Troeh*, "the intent to dedicate may be shown by the use of the land in question." *Id.* (citing Mason v. City of Sioux Falls, 2 SD 640, 51 NW 770 (1892). While the grantor of the easement, Larson, still owned the property defendant now occupies, plaintiffs hooked their sewer pipe to the lift station on Larson's land.[5]

[¶10.]    Still, defendant persists that Wall Lake Sanitary District never accepted the public dedication of the easement. Although a minority of courts have required a formal acceptance, the "well-bedded" rule, acknowledged in South Dakota for almost a century, is that "if the principals have, by their conduct, accepted the dedication, it is of no great importance that the agents have taken no action in the matter." *Id.* No one questions that Wall Lake has continued to use the sewer lines and facilities here since the easement was granted.

[¶11.]    To accept defendant's claim that this "easement is for the benefit of the Sanitary District only" is to forsake the very reason the sanitary district exists — for the benefit of its residents. *See* SDCL 34A-5-1. The circuit court erred as a matter of law in granting summary judgment to defendant on his sewer pipe counterclaim. We remand for entry of an order of summary judgment for plaintiffs on this issue.

---

5.    *See also* Wildwood Ass'n v. Harley F. Taylor, Inc., 2003 SD 98, ¶16, 668 NW2d 296, 302:

> A dedication may occur by express grant or by legal implication. Brown v. Bd. of County Comm'rs for Pennington County, 422 NW2d 440, 442 (SD 1988) (citation omitted). A dedication is implied where "it arises by operation of law from the owner's conduct and the facts and circumstances of the case." Tinaglia v. Ittzes, 257 NW2d 724, 729 (SD
>
> (continued . . .)

#24602

[¶12.]     Reversed and remanded.

[¶13.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and

MEIERHENRY, Justices, concur.

_____

(. . . continued)

1977) (quoting McQuillin, Municipal Corporations § 33.02 (3rd Rev Ed)).